Our next case is case number 415-0872, Cunningham Township v. Ryan Hamer. And for the appellant, we have Mr. Grosser. Is that correct? Yes. And then for the appellee, we have Mr. Siegel and Ms. Newman. And you're dividing your argument. Correct. You may proceed, counsel. Thank you. May it please the court, counsel, the actual issue in this case is whether Cunningham Township had the right to participate in a hearing before the Illinois Department of Revenue. There are no facts at issue. There was no evidentiary hearing. The Illinois Administrative Code provides that any relevant taxing district has a right to intervene. A relevant taxing district is one within whose territory all of the subject real estate lies. In this case, there are, I believe, 56 parts of the real estate that constitute President's Hospital. Counsel, in the briefs, there's extensive discussion about notice and whether or not you were entitled to notice. You're going immediately to intervening. Is it your position that you were entitled to notice? Yes. And what is that based on? Well, the regulations give us the right to intervene. One of the cases I cited, and there are other cases, refer to adjudicated due process. This is not talking about constitutional substance of due process. Where there is an adjudicated agency such as the Illinois Department of Revenue, the statute gives the right to participate. I'm sorry, the regulations give the right to participate. I believe that's Title 86, Section 115.110H3. For there to be a right to participate for adjudicated due process, there has to be notice. Notice of some sort. Now, in this case, there was, in fact, no notice given by President to anybody because the required notice is a copy of the application for exemption. We call it a B-Tax 300H. All President's lawyer did was send a letter out to a few taxing districts. And depending on where you look, there are different sets of what the taxing districts are that are supposed to get this. They didn't send it to anybody. The equivalent thing here is like in the circuit court. First thing the trial judge is going to do is look in the file. Is there a summons? And is there a complaint? And has it been served? Well, if it hasn't been, the trial judge does not proceed to adhere to it and create order. That's what's required here. Now, I will tell you, it's not clear who gives the notice to the taxing districts that are not specified. But nonetheless, it says they're entitled to notice. So what makes sense is, just as the trial judge would do, the obligation of the Department of Revenue to be sure that the relevant taxing districts have notice. What happens here is some of the taxing districts get this letter. It says we're going to file this. Well, I think it's reasonable to expect that they're waiting for the document to arrive so that they can look at it and determine if they want to participate. It never happens. And what is the remedy if notice is not given? The remedy is for this court to send it back for the Department of Revenue to conduct the hearing. Now, why wouldn't we send it back to the trial court? Well? Trial court dismissed this case pursuant to 2-619, right? Well, yes. And that's what's on appeal, correct? Well, that and the decision, actually what's on appeal is the decision of the Department of Revenue, which dismissed it. Presidents filed a motion to dismiss our request to intervene and have a hearing. So that's an administrative review case. Of the motion to dismiss. Right. You're reviewing the motion to dismiss because we never got to a hearing on the merits. Now, suppose this court says, hypothetically, the trial court should not have allowed the 2-619 motion to dismiss. In that case, would it not be that then the trial court would have a hearing on the merits? No. No? No. Why would they no? Because the trial court, in effect, sustained the dismissal by the Department. A hearing on the merits would be held. The trial court entered in order granting the 2-619 motion to dismiss. Yes. That's what's up on appeal. But what you're actually reviewing on administrative review is the decision. The trial court did not make a decision concerning the Department and what the Department did. It hasn't in my view, but if that's the court's view of it, you can send it back to the trial court to reconsider the dismissal by the Department of Revenue. I think, ultimately, this case would be back before the Department of Revenue to conduct a hearing on the merits. What they did is they entered in order. When the Department makes a final decision, doesn't that go to the trial court? On administrative review. Right. The trial court. It happened here, but the trial court didn't address the merits. The trial court dismissed the case pursuant to a motion filed under 2-619 of the procedure code. Correct? So that's where we are. Yes. So if this court thinks it should go back to the trial court, the trial court should send it back to the administrative agency. Wouldn't it go back for the trial court to review what the administrative agency did? I mean, it's just like any other 619 motion where you're saying, okay, it's dismissed. If that's reversed, then your claim is reinstated for the most part, and the trial court would have to actually take a look at what the administrative agency did. Correct? Yes. And that was to dismiss it for the same reason. So I suppose the trial court could say instead, well, they were right instead of dismissing it itself. Ultimately, we end up in the same place. Either you agree that we were entitled to a hearing before the Department of Revenue, or you don't agree. If you don't agree, then, of course, the case is over unless there's a petition for me to appeal. If you agree we were entitled to notice, then it needs to go back to the Department of Revenue. The question that I think you have to consider is, how do you do that? Now, I asked you the question, what was the remedy if there's a failure to give notice, and you said the remedy was to send it back. I was looking for something in the statute that suggested a remedy. Is there any such suggestion in the statute? The only thing I can recall in the statute is where it says that we have a right to intervene, which means we have a right to a hearing, before the Department of Revenue, where they consider the merits, where they require the applicant for tax exemption to- Well, does it say that, does it specifically say that the failure to give notice is not a basis to invalidate it? No, it doesn't say that at all. What it says is failure to receive notice. This is very different than failure to give notice, and these are in different sections. Failure to receive notice, it turns out, after a determination does not invalidate the determination. But here, there is a failure to provide notice. So, if notice is sent out by mail, and for some reason it doesn't arrive, that doesn't affect the action. But if notice is never given in the first place, then they haven't met the due process, adjudicative due process requirements that are granted to each geographically relevant taxing business. The statute doesn't say exactly how you do that, but it grants the right. So how do you do that? Well, as it happens, I read the sub-opinions every day. There was a sub-opinion several weeks ago that addresses the problem. It didn't occur to me until a day or two ago its relevance to this case. I could file a supplement to my brief with a citation, but I have it here. The case is Mercury-Systein-Botes v. Cook County and the Cook County Department of Revenue. It was a tax case. And in that case, after the Cook County Department of Revenue made a decision, which was then subject to administrative review, and was the decision in this case, they sent out a notice. The appellate court first district was pretty critical of what they sent out. But what they sent out, the court says, you could determine from it when you need to file your complaint in administrative review. And as it happens, the person seeking administrative review there, the organization, filed it a day late. And the appellate court says, this is wrong. What can we do about it? And here's what they said the court can do about it. Here's what the first district did about it. They said it violated due process. I'm referring again to the adjudicated due process. And the only remedy for that violation must be to, quote, deem the protest timely filed. Let me see. This is 2019, AIL Act, verse 180439. Have you provided that to opposing counsel? Have you provided that case to opposing counsel? No, I did not. I said I can supplement my brief. But it just occurred to me a day or two ago with relevance. Actually, I was working on oral writing, and it occurred to me that I had read. So the tour boats company prevails because the Department of Revenue screwed up the notice. Or they let it file its appeal. The tour boat company lost before the Department of Revenue. I know. But before the court, they prevail on their issue. Well, before the appellate court, they prevailed. Yes, they prevailed. So it's a do-over. That's right. And their legal theory was there being nothing in the statute about it is that we will deem the protest as timely filed. I think what you can do here is deem the request by the township to participate in this case as timely made. What we have as a problem is the department sends out its certification and exemption to the supervisor of assessments. The supervisor of assessments puts it in the mailbox for each township assessment. The county and township assessment picks this up, but it's the first he knows of it. So he immediately files a request. He can't file a request before he knows about it. He had no meaning of knowing about it because he didn't get the letter, and the letter wouldn't have been sufficient because, I think, before the department could have jurisdiction enter any order, it needs to be sure that the basic requirements have been met. And the most basic requirement is that they furnish proper notice. Proper notice means furnishing a copy of the PCAG 300H with the information it calls for and the various attached documents. Now, whether the documents that were attached to the information furnished was sufficient isn't an issue before this court because the department, while the department ruled on that, the posture that the township was in is that we wanted to have a hearing on this, make them put on evidence to show they're entitled to the tax exemption, and we'll put on our evidence and then decide. But that never happened. That's what we were seeking. If somehow he had known that this was going on at that stage, the township assessment, he could have made a request before then. But the essential thing with any kind of due process is if you've got the rights, they don't even dispute that we've got this right under the regulations. They say, we're not entitled to notice. Well, that just plain makes no sense. What is it they're not disputing? They don't dispute that the regulations say we've got a right to intervene before the Department of Revenue. Their position is we should have somehow known that this proceeding was going on. Now, they say in their brief that, well, they sent their letter to the city of Urbana, and the city of Urbana and Cunningham Township are the same thing. Well, actually, they're not the same thing. The statute provides that for a city with a township that has the same boundaries, the city council will actually get township support. But they don't become the same unit of government. The city has its buildings in Urbana. The township has its buildings somewhere else in Urbana. The city has its elected officers. The township has its elected officers. The city has its employees. The township has its employees. If the city of Urbana got the letter, and I don't doubt they got the letter. They said they mailed the letter, and I don't question that. It could have gone to somebody in the administration of the city of Urbana who may or may not have known what to do with it. But in any event, that doesn't constitute notice, even insufficient notice, to the township. If the city of Urbana wanted to intervene and be late, they could say, well, we never got proper notice because we didn't get a copy of the application for exemption. But they did, as far as we know, at least get the letter in the mail, which should have caused somebody to inquire further. And maybe they looked at it and decided, we're not interested in getting involved in this. But it's the township that was interested in getting involved in this. And the fact that a letter went to the city of Urbana simply has nothing to do with this case. So the officials of the city wear two hats. Is that right? No, only the city council. The city council wears two hats in terms of the township. Yes. The city and the township. These are separate meetings. One has nothing to do with the other. Unless there are other questions. Much of what you say is interesting. But aren't you asking us to do what the trial judge should have done? I.e., back to Justice Turner's point, isn't this a matter for the trial court to dispose of if we say you were an heir to have dismissed? Isn't that where it goes? Well, I think we'd be satisfied with that action by the courts. What I think is that it be treated as the trial court's decision is the same as the department's decision and, as I recall, for the same reasons, essentially, that sending it straight back, kind of like the Supreme Court sends something back to the appellate court and back to the trial court. Well, ultimately it gets back to the trial court and the Supreme Court in the ordinary case that's not administrative review. Thank you, counsel. You're out of time. You have additional time on rebuttal if you desire. Thank you. And, Mr. Siegel, you're going to go first. Okay. One of the honors with the support of Assistant Attorney General Siegel on behalf of the Department of Revenue and its director, David Harris, on behalf of the counsel as well. Your Honor, as counsel, your presence is covered and I have decided to spend my time evenly and I will address the question of motives covered in Section 1 of our brief. The counsel will cover that and we will discuss the township's lack of a right to notice when a person is subject to file an application, for example. There's a critical connection, and you've heard a fair bit about it, this one between notice and movements. And it's this. The counsel for the township said, we're here for one reason to talk about the right to notice. But notice for what? What was the purpose of the township's participation in the court review hearing and at the department level? It was to challenge the facial constitutionality of Section 1586 of the property tax code, and that makes movements the preferable issue. Because this action is going to be a courtship, dismiss this case, it is moved for two independent submissions. Mr. Siegel, I'm going to ask you to speak up just a little bit if you could. That microphone doesn't amplify you, and you have a very nice but somewhat soft voice, so if you'll speak up a little bit, please. I'm sorry. I'm going to focus on one main reason that the case is moved. The only exemption in the question of the township has ever challenged or merits its facial constitutionality. But we know from the Illinois Supreme Court's decision in Oswald v. Hamer last September, during the pendency of this litigation, that any challenges to facial unconstitutionality of Section 1586 are foreclosed now. That case held that Section 1586 is not facial unconstitutionality. Never has the township sought to bring anything other than a non-facial challenge, which counsel has not discussed. The type of challenge excluding the sufficiency of record that the hospital presented as applies to the given legal standard to determine if it merits a charitable exemption. And, indeed, we have argued that at several different stages, now six of them by my count, the township has advocated only facial constitutionality. Counsel, that's not the question for this court, is it? You heard me questioning Mr. Grosser. Yes. Maybe I'm missing something here, but didn't the trial court grant a 2-619 motion to dismiss? You're absolutely correct. And that's what's up on appeal. Not constitutionality. Not even notice. Just whether the trial court erred. Well, before we get to that question, this court has a duty, of course, to examine its jurisdiction. And it doesn't have jurisdiction because of the way that township has framed its appeal. There's no reason even to send it back to the circuit court. We don't have jurisdiction to decide whether the trial court either erred or correctly granted the 2-619 motion. I don't believe you do, Your Honor. Let me ask you a question about your brief. You say in jurisdiction, I think I'm going for the word brief, quote, on October 2, 2015, the circuit court issued a final judgment affirming the department's final administrative decision. That's not right, is it? That is not what the trial court did on October 2, 2015. It is. It is. Explain. It granted the motion to dismiss. It granted a 2-619 motion to dismiss, saying that there was affirmative matter, right, that prohibited the complaint from being filed. And that's what's on appeal, correct? The dismissal of the complaint. Yeah. But the trial court didn't issue a final judgment affirming the department's final administrative decision, did it? Well, it did in this sense. And I think this got lost in the prior discussion. The department, inevitably, also faced the motion to dismiss that President's Covenant 5 due to the lack of basis for the township to assert that right to notice or to interview. So there was an administrative motion to dismiss which the department granted. That triggered the township's complaint for administrative review. Now, this is all happening while the Farrell case is pending in this court and later when Oswald comes to the Supreme Court. And then the circuit court has a complaint for administrative review. It's timely. It's a timely complaint for administrative review. So there's no jurisdictional problem in that sense, which is what that section of my brief covers. But we have a moot case before this court because the township has not alleged anything other than the dependency of this appeal. This appeal has been before this court for over two years. The Supreme Court issued the Oswald decision. And the township just filed its requirement in this case and said on page 11, there is no as-applied challenge in any of the writings of the township in this case. There's also no traditional non-fiction challenge of any other sort. And that concession doomed this appeal to mootness because the township has never challenged anything other than basic constitutionality. That question is over. There's no reason, even if Mr. Grosser is correct, that he was entitled, as one of the non-mentioned entities, to receive notice about the hospital's exemption application. And there was some error, which there wasn't, which you hear about from my colleague. Why would the court send this back to the starting gate to potentially do an administrative hearing when the only thing that the township wants to take a run at is the constitutionality of Section 1586? There's five other places where the question is framed only in that way. We know this from the complaint written in the Supreme Court Review where the township alleged that its enactment of Section 1586, quote, was beyond the authority of the Illinois General Assembly and therefore is unconstitutional in its case. That's not based directly. Now, a party is master of its own complaint. And easily, the township could have chosen to preserve its ability to contest the propriety of the exemption decision on some other basis than station on the constitutionality. But it didn't do so in this complaint. And there was a period of time when this case was pending before the circuit court. I mean, it was approximately December of 2013 until October of 2014. And during that time, Oswald was not decided. But the township could have filed an amended complaint for administrative review and said, in addition to challenging station on the constitutionality, we challenge the merits of the decision. It didn't do that. The notice of appeal was in third place when it further confirmed that they're challenging facial constitutionality. That was in October of 2015, before the Supreme Court's decision was possible. The next place where they locked themselves into a facial challenge was their opening brief in this court. Nothing in that brief can be read as asserting anything other than an intent to challenge facial constitutionality. The fifth place was after we filed our motion to dismiss this appeal last fall. They doubled down and said the constitutionality of Section 1586 will come up in this case. So this appeal will be allowed to continue. And then finally, the township's supplemental brief, which we filed in January of 2013 once again, said its position has been that Section 1586 is unconstitutional, nothing about the application of Section 1586 for the record of facts or an as-applied challenge. So that position is untenable, given Oswald, and there's an alternative basis to move this, but it dovetails with what my colleague is about to tell you about the notice in accordance. So we ask that this court dismiss this appeal as moved and, in the alternative, affirm the circuit court's judgment. Any other questions? I don't see any at this time. Thank you, counsel. Ms. Newman? Thank you. Good morning, members of the court, counsel. My name is Tanya Newman, and together with my partner, Steve Sloan, we represent the other appellee in this case, President's Covenant Medical Center. And as Mr. Siegel noted, I'm here to first, of course, answer any questions that the court may have, but I'll confine my argument to the question of whether the Department of Revenue correctly concluded that the township was not in the municipality entitled to notice of Covenant's application for a property tax exemption, according to Section 16-70 of the Property Tax Code, that, therefore, the township's failure to intervene before the Department ruled on those exemptions excused the township from... did not excuse, rather, the township from intervening, and the township was not party to the proceeding entitled to request a hearing in the Department. But, Your Honor, I'd like to actually start my argument with one of the questions that you posed to Mr. Broser, and that was whether the statute, Section 16-70, provides any remedy to the township due to its failure to receive notice. And the very short answer to that question is no. The statute provides that the failure to receive notice shall not invalidate the exemption. Now, the township argues about the failure to provide notice on the one hand and the failure to receive notice on the other hand. That's a distinction without a difference. To be clear, the statute does provide... does call for an applicant, such as Covenant, to provide notice to four distinct categories of taxing districts. I'm going to dispense with the first three quite easily. I'm going to take them a little bit out of order. School districts, community college districts, and fire protection districts. No one claims that the township falls under any of those categories. The other category taxing district is municipality. The township suggests that it is a municipality or that it is, at a minimum, a geographically relevant taxing district or an affected taxing district. Let's start with the term municipality. The property tax code does not define the term municipality. In that instance, we then turn to the statute on statutes, which instructs us to look to Article 7, Section 1 of the Illinois Constitution. The Constitution defines municipality as cities, villages, and incorporated townships. Importantly, it goes on to define units of local government. Units of local government include not only municipalities, but also townships. Of course, there would be no reason to define a unit of local government to include both of those entities if they were, in fact, one and the same. They are not. Mr. Grosser has suggested in his brief that the statute, Section 16-70, should be construed by this court to provide that upon proof of proper notice having been served, the exemption could not later be overturned by the claim of an entity that it did not receive notice. This distinction between providing notice and receiving notice is a distinction without a difference. For an important reason, the township, because it is not entitled under the statute or the applicable regulation to receive notice, lacks the standing to reserve any injury as a result of the covenant's alleged failure to provide proper notice. Let me ask a question. Will the township be affected in that it will receive fewer tax dollars because of these exemptions? The township will be affected by the exemptions, Your Honor. Okay. So the way you're reading the statute, and I'm not suggesting you're reading it incorrectly, is that townships, of which we have too many, some people assert, in Illinois, and some of which struggle to meet expenses, don't have a say in these exemptions at all because they're not eligible to receive notice. And if notice is sent and you don't receive it, that's too bad because you weren't eligible to get it to begin with. Is that the bottom line? That is the bottom line, Your Honor. So this is a defect of statute, possibly. Possibly a defect of statute. I don't know that I would go so far as to call it a defect of statute. An oversight, perhaps. Or an oversight. Ultimately, it's important to remember that there are not only townships that don't receive notice, but there are a host of other taxing districts that the General Assembly elected not to include among the enumerated types of taxing districts entitled to notice. For example, park districts, forest preserve districts, mass transit districts. And the list is quite extensive. And the Department has interpreted its regulation found in 86 Illinois Administrative Code Section 110.115.H3 to require intervention before the Department issues its final decision by any of those taxing districts. So the township could have intervened. Yes. So as Mr. Grosser indicated, there's no dispute on that issue. It has the right to intervene. It's not an unqualified right. It must exercise that right either at the Board of Review level before the Board of Review issues its recommendation to the Department, or at the Department level before the Department issues its final decision on the exemptions. And how does the township ever know about it? Judge, that's when we get back to the question of... Are they entitled to know about it? Exactly. Exactly. I'd like to turn now to just a brief overview, and I feel like I'm starting a bit at the beginning, but I think this will address some of the Court's other questions regarding the procedure and how we got to where we are. To obtain an exemption under Section 15-86, an entity such as Covenant files an application pursuant to Section 15-5 of the Property Tax Code. And under Section 16-70, which we've just discussed, in counties of fewer than 3 million inhabitants, the Board of Review issues its decision, its recommendation, and then the Department of Revenue rules on its decision on... rules on the exemption applications, for that matter. Excuse me. And under Section... Under 86 Illinois Administrative Code 110.145C, an applicant, any party who feels aggrieved by that decision, also under Section 8-35 of the Property Tax Code, any party who feels aggrieved by that decision may file an administrative protest. And that takes us, again, to Section 86 Illinois Administrative Code 110.115H3, which requires that intervention in writing before the final decision. Under Section 8-40, once the administrative record is closed, then a party to the proceeding, again, a party, can seek administrative review. And that's how we ended up at the Circuit Court level. I want to touch briefly on another point that Mr. Burson raised, and that's this notion of adjudicative due process. And he's argued, and the township has argued, that the township has a due process right to participate. The township is a creature of the state, and as such, does not possess due process rights that it can exercise or invoke against the state. The township, in short, was not excused for failing to timely intervene. It was not entitled to notice. It is not a municipality, because that term is defined by the Illinois Constitution. It did not intervene in writing, either at the Board of Review level or at the department level. The notion that Covenant failed to properly serve notice under the applicable regulation in the statute, again, the township doesn't have standing to assert that right. And the Department of Revenue considered this argument and concluded that the notice letters that Covenant provided, which enumerated the 68 parcels of property for which exemptions were being sought, and which invited the recipients, all of whom were the prior recipients under the statute, to contact Covenant if they wanted copies of the application. The department concluded that that satisfied the applicable regulation and the statute, and this court should afford deference to the department's interpretation of its clear and unambiguous regulatory language. So, in short, we would respectfully request that this court uphold the issuance of the exemptions by affirming the dismissal of the complaint for administrative review. Are there any other questions? I don't see any. Thank you, counsel. Thank you. Any rebuttal, Mr. Grosser? Yes, briefly. First, in response to a comment by Justice Knax, I've represented various units of local government  that the smallest, lowest-level units of government are the closest to the people and provide best service. Getting back to the case itself, the attorney for President's case issued with what I talked about, about an adjudicated due process. Well, not only was the adjudicated due process discussed, in my brief, it's discussed in one of the cases that they cited. Now, what I want to talk about mostly is what Mr. Siegel has to say. This is not a case about constitutionality. I wanted to preserve the issue of constitutionality when we're in a period of decisions changing other decisions or whatever it is we can say they did. It's in there, and it's clear, to preserve the issue. It is not what my case is all about. I don't understand any way to conclude that all my case is about is whether this statute is constitutional, and in fact, this court, in one of the Carl cases, held that statute unconstitutional on its face. The old Supreme Court vacated that for lack of jurisdiction, not because of discretion. Coming along after that was the case in Chicago, in the appellate court, where they said the same thing you did, that the court, in fact, is applying. You say you can't fix the statute. They said, oh, yes, we can. The Supreme Court says they took the approach that they can fix the statute. All the courts agreed, and the court was in fashion to apply it, but more interestingly, in the Supreme Court, I filed the next brief, which raised the issue of unconstitutionality on the valid rule test. What the plaintiff in that case had raised was the no other case, no other situation, they're called the exact words of that case, and the Supreme Court says that she admits she didn't sustain her burden of proof on that, and they commented upon my brief about the valid rule test and said, we're not going to rule on that because an amicus can't raise an issue for us to rule on. Only a party can, so that's left for another day. So that may come up another day, and that's the sole reason this case is about what 90% of my briefs are about, and that is whether we're entitled to notice, whether we're entitled to participate in a hearing, and whether there has to be a hearing. That's all I have unless there are other questions. I hope you didn't misconstrue my comment. I live in a city or a town and a county where township government is very important. No, I did not, in fact. Thank you. I live in a place where the newspaper regularly runs editorials saying, we need to save the people and get rid of the townships. That's my edit. Thank you, counsel. We'll take this matter under advisement and be in recess until the next case.